UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JN-2133    GLEESON, J.

----------------------------------------------------------------x

THEODORE RICHARDSON,

          Plaintiff,

CV 02 3651

COMPLAINT

    -against-

CV

THE CITY OF NEW YORK, DET. SUZANNE McDERMOTT, Individually and in her Official Capacity, and "UNDERCOVER #7404," Individually and in her Official Capacity,

          Defendants.

----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
JUN 2 1 2002
BROOKLYN OFFICE

      Plaintiff, Theodore Richardson, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, Detective Suzanne McDermott and "Undercover #7404," were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On January 23, 2000, at approximately 12:00 a.m., members of the N.Y.P.D. 113-06 Field Team were conducting a "buy-and-bust" operation in the vicinity of 110th Avenue and Sutphin Boulevard, in the County of Queens, in the City and State of New York.

14. On January 23, 2000, at approximately 12:20 a.m., plaintiff Theodore Richardson was lawfully at the intersection of 110th Avenue and Sutphin Boulevard, in the County of Queens, City and State of New York.

15. Mr. Richardson had just purchased three cans of soda at a grocery store located at Sutphin and Ferndale Avenues, and was returning to his residence at 147-35 Glassboro Avenue, Queens, New York.

16. Upon exiting the grocery store, Mr. Richardson was suddenly confronted by members of the N.Y.P.D 113-06 Field Team.

17.     Mr. Richardson was thrown against the hood of the police car and placed under arrest.

18.     After placing Mr. Richardson under arrest, Detective McDermott searched Mr. Richardson's person and discovered that he did not possess any narcotics, nor did he possess any pre-recorded buy money.

19.     Notwithstanding the lack of any incriminating evidence, Detective McDermott refused to allow Mr. Richardson to leave.

20.     Instead, Detective McDermott radioed for "Undercover #7404" and asked her to make a positive identification of Mr. Richardson.

21.     Thereafter, "Undercover #7404" falsely claimed that Mr. Richardson was the same individual from whom she had purchased narcotics earlier that evening.

22.     At the time "Undercover #7404" made this false identification, she knew that Mr. Richardson did not fit the description of the individual from whom she had purchased narcotics earlier that evening.

23.     Subsequently, Detective McDermott prepared numerous police records relating to Mr. Richardson's arrest.

24.     In preparing these documents, Detective McDermott repeatedly falsified information relating to the facts and circumstances surrounding Mr. Richardson's arrest.

25.     Detective McDermott falsely claimed that she had recovered pre-recorded buy money from Mr. Richardson, when she knew this to be untrue.

26. Detective McDermott falsely claimed that Mr. Richardson fit the radio description she had received from "Undercover #7404," when she knew this to be untrue.

27. Detective McDermott forwarded this false information to prosecutors in the Queens District Attorney's office.

28. Throughout the criminal proceedings, Detective McDermott repeatedly gave false and misleading testimony before the Grand Jury, the trial judge, and the trial jury.

29. Notwithstanding Detective McDermott's fabrication of evidence against Mr. Richardson, and her false and misleading testimony throughout the criminal proceedings, Mr. Richardson was acquitted by the trial jury of all criminal charges on February 5, 2001.

30. As a result of his unlawful arrest and imprisonment, Mr. Richardson spent 13 months in prison prior to his acquittal.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 30 with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

33. All of the aforementioned acts deprived plaintiff Theodore Richardson of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States

of America, and in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 36 with the same force and effect as if fully set forth herein.

38. As a result of defendants' aforementioned conduct, plaintiff Theodore Richardson was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege

or consent.

39. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 39 with the same force and effect as if fully set forth herein.

41. Defendants misrepresented and falsified evidence before the District Attorney.

42. Defendants did not make a complete and full statement of facts to the District Attorney.

43. Defendants withheld exculpatory evidence from the District Attorney.

44. Defendants misrepresented and falsified evidence before the Grand Jury.

45. Defendants did not make a complete and full statement of facts to the Grand Jury.

46. Defendants withheld exculpatory evidence from the Grand Jury.

47. Plaintiff Theodore Richardson was indicted as a result of the fraud committed by defendants.

48. Plaintiff Theodore Richardson was indicted as a result of the perjury committed by defendants.

49. Plaintiff Theodore Richardson was indicted as a result of the withholding of exculpatory evidence by defendants.

50. Plaintiff Theodore Richardson was indicted as a result of conduct undertaken in bad faith by defendants.

51. Defendants were directly and actively involved in the initiation of criminal proceedings against Mr. Richardson.

52. Defendants lacked probable cause to initiate criminal proceedings against Mr. Richardson.

53. Defendants acted with malice in initiating criminal proceedings against Mr. Richardson.

54. Defendants were directly and actively involved in the continuation of criminal proceedings against Mr. Richardson.

55. Defendants lacked probable cause to continue criminal proceedings against Mr. Richardson.

56. Defendants acted with malice in continuing criminal proceedings against Mr. Richardson.

57. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

58. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Mr. Richardson's favor on February 5, 2001, when a jury acquitted him of all charges.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 58 with the same force and effect as if fully set forth herein.

60. Defendants Detective Suzanne McDermott and "Undercover #7404," issued legal process to place plaintiff Theodore Richardson under arrest.

61. Defendants Detective McDermott and "Undercover #7404," arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

62. Defendants Detective McDermott and "Undercover #7404," acted with intent to do harm to plaintiff Theodore Richardson, without excuse or justification.

## FIFTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 62 as if the same were more fully set forth at length herein.

64. Defendants Detective McDermott and "Undercover #7404" created false evidence against Mr. Richardson.

65. Defendants Detective McDermott and "Undercover #7404" forwarded false evidence and false information to prosecutors in the Queens District Attorney's office.

66. Detective McDermott and "Undercover #7404" misled the grand jury, the prosecutor and the trial judge by creating false evidence against Mr. Richardson and thereafter providing false testimony throughout the criminal proceedings.

67. In creating false evidence against Mr. Richardson, and forwarding this false information to prosecutors, defendants Detective McDermott and "Undercover #7404" precipitated the series of events which resulted in Mr. Richardson's deprivation of liberty.

68. In creating false evidence against Mr. Richardson, and in forwarding false information to prosecutors, defendants Detective McDermott and "Undercover #7404" violated Mr. Richardson's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

### SIXTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 68 as if the same were more fully set forth at length herein.

70. Defendants Detective McDermott and "Undercover #7404" created false evidence and forwarded false information to prosecutors, notwithstanding their knowledge that said fabrications would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

71. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

72. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York

City Police Department, all under the supervision of ranking officers of said department.

73.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to:

a)   Failing to make contemporaneous written memoranda regarding descriptions of perpetrators, as given by other members of the undercover team, thereby allowing for innocent persons to be mistakenly apprehended; and

b)   Falsifying police reports to match the description of person arrested, where the physical appearance of the subject differs markedly from the description given in original radio transmission.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff Theodore Richardson.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Theodore Richardson as alleged herein.

76.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff Theodore Richardson as alleged herein.

77.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff Theodore Richardson was incarcerated unlawfully for thirteen months until his acquittal on

February 5, 2001.

78. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff Theodore Richardson.

79. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff Theodore Richardson's constitutional rights.

80. All of the foregoing acts by defendants deprived plaintiff Theodore Richardson of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have cruel and unusual punishment imposed upon him; and

    E. To receive equal protection under the law.

81. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff Theodore Richardson demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated:  New York, New York
        June 13, 2002

BY: _____
JON L. NORINSBERG (JN-2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396